IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CR-141 |
| ) | |
| LANCE BARABAS, LARRY G. BARABAS, JR.,) | (JORDAN/GUYTON) |
| LANDON DOUGLAS BARABAS, ) | |
| DOUGLAS DODD, RICHARD SULLIVAN, ) | |
| DUSTIN WALLACE, BRETT WEBB, ) | |
| WILLIAM KAMAN, JAMES LAPOINT, ) | |
| THALLEN WASHINGTON, MARY WILSON, ) | |
| HUNTER HOBBS, and TYLER HENRY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 18, 2009, for a scheduled pretrial conference and motion hearing on the pending motions to continue the trial [Docs. 96, 99, 103, 105, 107, 108, and 110]. Assistant United States Attorneys David P. Lewen and Alexandra Hui appeared on behalf of the Government. Attorney Serbo C. Simeoni appeared by telephone on behalf of Defendants Lance and Larry G. Barabas. Attorney G. Kerry Haymaker represented Defendant Landon Douglas Barabas. Attorney Douglas C. McNabb appeared on behalf of Defendant Douglas Dodd. Attorney Douglas Trant represented Defendant Richard Sullivan. Attorney Kimberly Parton appeared by telephone on behalf of Defendant Dustin Wallace. Attorney

1

Jonathan A. Moffatt represented Defendant Brett Webb. Attorney Angela Morelock appeared on behalf of Defendant William Kaman. Attorney Russell T. Greene represented Defendant James LaPoint. Attorney Christopher Irwin appeared for Defendant Thallen Washington. Attorney Charles Poole represented Defendant Mary Wilson. Attorney Tommy K. Hindman appeared on behalf of Hunter Hobbs. Attorney Mike Whalen represented Defendant Tyler Henry. Defendants Sullivan, Wallace, LaPoint, Washington, and Wilson waived their presence at the hearing, and all other defendants were present.

The Court first addressed the seven motions to continue the December 30, 2009 trial date. Defendant Sullivan's Motion for Continuance [Doc. 96], filed December 9, 2009, requests that the Court declare this case complex for speedy trial purposes and also states that defense counsel needs additional time to prepare the case. Defendants Larry and Lance Barabas filed an Unopposed Motion to Continue [Doc. 99] on December 12, 2009, stating that counsel needs additional time to review the voluminous discovery in this case and that they waive their speedy trial rights through December 2010. Defendant James Hunter Hobbs' Motion to Continue the Trial Date [Doc. 103], filed on December 14, 2009, contends that counsel needs additional time to review the voluminous discovery that he only recently received and that this case is complex in nature. On December 15 and 16, 2009, Defendants Tyler Henry [Doc. 105] and James LaPoint [Doc. 107] moved to join in the motions to continue filed by Defendants Sullivan, Barabas, and Hobbs. Defendant Thallen Washington's Motion to Continue Trial Date [Doc. 108], filed on December 16, 2009, asks that the trial be continued to permit time for counsel to review the voluminous discovery in this case. Also, on December 16, 2009, Defendant Landon Barabas filed a Motion to Continue the Trial Date [Doc. 110], asserting that counsel needs additional time to review the voluminous discovery and to prepare

2

for trial adequately. At the December 18 hearing, AUSA Lewen confirmed that the Government did not object to a trial continuance or to a finding that this case is complex. None of the Defendants opposed either the continuance or a finding that the case is complex under the Speedy Trial Act. The parties agreed on a new trial date of April 12, 2010.

Also at the December 18 hearing, Defendants Landon Barabas, Lance Barabas, and Larry Barabas made an oral motion to reset the motion-filing deadline. The Government had no objection. Accordingly, the Court reset the motion-filing deadline for all Defendants to February 5, 2010, and set a new response deadline of February 19, 2010.

The Court finds the motions to continue the December 30, 2010 trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This case arises out of a five-count Indictment [Doc. 2], charging fourteen Defendants. Count One alleges that all fourteen Defendants conspired to distribute and possess with intent to distribute oxycodone, MDMA or Ecstacy, and marijuana from September 2007 to October 20, 2009. Count Two charges Defendants Wallace and Kaman with distribution of oxycodone within 1,000 feet of two public elementary schools on July 8, 2009. Count Three alleges that Defendant Wallace distributed oxycodone within 1,000 feet of a public park on August 5, 2009. Count Four charges Defendant Kaman with possession of a firearm in furtherance of a drug trafficking crime on September 16, 2009. Count Five alleges that Defendants Lance Barabas, Larry Barabas, Landon Barabas, Dodd, Sullivan, and Wallace conspired to commit money laundering from September 2007 through October 20, 2009. Counts One and Five also contain forfeiture allegations.

Additionally, the Court finds that, as alleged in the motions to continue, the discovery

3

in this case is voluminous and involves a large number of recorded conversations gained through a wiretap along with photographic and videotaped evidence. Moreover, the events underlying the charges in this case allegedly occurred in the Middle District of Florida as well as the Eastern District of Tennessee. Based upon the number of defendants involved in this case and the nature of the prosecution, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, a continuance is warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Moreover, the Court finds that counsel need additional time to review the voluminous discovery in this case, to investigate and prepare any pretrial motions, to litigate those motions, and to prepare for trial. The Court finds that all of this cannot take place before December 30, 2009, or, indeed, in less than four months. Thus, the failure to grant a continuance in this case would deny counsel for the parties the reasonable time necessary for effective trial preparation, despite counsel's exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motions to continue the trial [**Docs. 96, 99, 103, 105, 107, 108, and 110**] are **GRANTED**, and the trial of this matter is reset to **April 12, 2010**. The Court also finds that all the time between the December 18, 2009 hearing and the new trial date of April 12, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to additional scheduling, the Court set a motion hearing for **January 7, 2010, at 2:00 p.m.**, on the Motion for Reconsideration of Pretrial Detention of Lance Barabas [Doc. 101]. The parties are to appear before the undersigned for a pretrial conference on **March 26, 2010, at 11:00 a.m.** The plea negotiation deadline is also set for **March 26, 2010**.

4

Accordingly, it is **ORDERED**:

(1) The Defendants' motions to continue the trial [**Docs. 96, 99, 103, 105, 107, 108, and 110**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **April 12, 2010**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) This case is declared complex for purposes of the Speedy Trial Act;

(4) All time between the **December 18, 2009** hearing, and the new trial date of **April 12, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The motion-filing deadline for all Defendants is extended to **February 5, 2010**;

(6) The response deadline is reset to **February 19, 2010**;

(7) The Court will hold a motion hearing on the Motion for Reconsideration of Pretrial Detention of Lance Barabas [Doc. 101] on **January 7, 2010, at 2:00 p.m.**; and

(8) A pretrial conference before the undersigned is set for **March 26, 2010, at 11:00 a.m.** This date will also be the new plea negotiation cutoff deadline.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge