UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.: 3:09-CR-141 |
| | ) | |
| LANCE BARABAS | ) | |

### MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction. [Doc. 491]. The defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The prosecution has not filed a response. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). For the reasons that follow, the defendant's motion will be granted.[1]

**I.    Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582:

---

[1] The pending motion is filed by counsel. It is noted that the attorney originally filed a sentence reduction motion in March 2017 [doc. 484], but was promptly advised by the Clerk that the motion had been terminated due to noncompliance with the court's filing procedures. [Doc. 485]. On February 20, 2018, counsel correctly refiled the motion that is now before the court.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2016). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2016). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B).  A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment entered September 8, 2010, this court sentenced the defendant to a total term of imprisonment of 180 months as to Counts One and Five (an oxycodone conspiracy and a money laundering conspiracy, respectively).  The defendant's guideline range was 324 to 405 months, based on a total offense level of 41 and a criminal history category of I.

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1.  The court granted the motion and departed downward to 211 months, a reduction of 35 percent from the bottom of the guideline range as recommended by the United States.  The court also granted the defendant's motion for downward variance, ultimately arriving at the below-guideline 180-month sentence. *See* Statement of Reasons.  According to the Bureau of Prisons, the defendant is presently scheduled for release on December 26, 2022.

---

[2] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B).  That is the case here.

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range is 262 to 327 months, based on a total offense level of 39 and a criminal history category of I. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction.[3]

The court does note, however, that the defendant has twice been sanctioned for disciplinary infractions since he was sentenced. One of these sanctions—while relatively minor—occurred in May 2018 *while the instant motion was pending*. The court finds that each infraction has been sufficiently sanctioned by the Bureau of Prisons through the loss of good time credit or other privileges. The defendant is nonetheless reminded that upon his release from imprisonment he will be subject to a five-year term of supervision. During that period, similar violations will likely land him back before this court on a petition for revocation of that supervised release.

---

[3] The reduced sentence cannot, however, include a downward variance (unrelated to substantial assistance) below the new guideline range, even though such a variance was previously granted at sentencing. *See United States v. Taylor*, 815 F.3d 248 (6th Cir. 2016).

4

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 491] is **GRANTED**. The defendant's term of imprisonment is reduced to **170 months**. This sentence includes a corresponding 35 percent reduction from the bottom of the new guideline range pursuant to U.S.S.G. § 5K1.1. This sentence <u>does not</u> include a further downward variance. *United States v. Taylor*, 815 F.3d 248 (6th Cir. 2016).

Except as provided above, all provisions of the judgment dated September 8, 2010, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge